UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Scott E. Pooler
and
Laurie A. Harding,

        Debtors

Chapter 13
Case No. 19-10668

**ORDER DENYING REQUEST FOR EXPEDITED DETERMINATION
OF MOTION TO VACATE ORDER DISMISSING CHAPTER 13 CASE**

On February 26, 2024, the debtors filed a motion [Dkt. No. 85], asking this Court for an order vacating a previous order. That previous order dismissed the debtors' chapter 13 case on an unopposed motion by the chapter 13 trustee. The trustee's motion contained factual allegations—which were deemed admitted when the debtors failed to controvert them—that provided a basis for the Court to conclude that cause for dismissal existed under 11 U.S.C. § 1307(c).

As permitted by the Local Rules, the debtors' motion includes an embedded request for expedited determination. As prohibited by the Local Rules, however, the debtors have set their motion for hearing on March 7, 2024. D. Me. LBR 9013-4(a)(3) ("If a movant seeks emergency or expedited determination of a motion, after filing the motion, the movant shall immediately contact the clerk's office and shall not utilize the self-calendaring process in Local Rule 9013-1(b)(1).").

This failure to comply with the Local Rules is, by itself, sufficient grounds to deny the request for an expedited determination. But there is another reason to deny the request: the debtors have not articulated persuasive reasons why the motion should be heard and determined

1

on an accelerated basis. Perhaps the debtors are eager to learn whether their chapter 13 case will be reinstated (so to speak). But that is not a sufficient reason to truncate the procedural requirements of the Local Rules. Perhaps, as the debtors suggest, creditors will take action against the debtors or property that was part of the estate. That general prospect does not require the conduct of an expedited hearing.

The request for expedited determination is DENIED. The debtors must file and serve an amended notice of hearing. The selected hearing date and objection deadline must be sufficient to meet the requirements of the Local Rules for a motion heard on a regular schedule (*i.e.*, not on an expedited or emergency basis).

Dated: February 28, 2024

Michael A. Fagone
United States Bankruptcy Judge
District of Maine